[Cite as *S.H. Mason Lease Mgt. v. Ohio Dept. of Transp.*, 2010-Ohio-6618.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

S. H. MASON LEASE MANAGEMENT, LLC.

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-06401-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, S. H. Mason Lease Management, LLC. represented by owner, Scott H. Mason, filed this action against defendant, Department of Transportation (ODOT), alleging his business premises received water damage as a proximate cause of negligence on the part of ODOT in maintaining the drainage system at State Route 164 and Calla Road in Mahoning County. Plaintiff, a business enterprise located at 9939 South Avenue, Poland, Ohio near State Route 164, received water damage to the premises on June 17, 2009 after a rain storm the previous night. Photographs depicting the water damaged premises were submitted with the complaint. In the complaint, plaintiff noted, "[o]n the property adjacent (Ohio SR 164 N. and Calla Rd.) to Plaintiff's, the open drainage basin was completely closed due to a crushed pipe." Plaintiff further noted, "[t]his basin became clogged with mud due to a rain storm" on June 16, 2009. According to plaintiff, the clogged drainage basin at State Route 164 and Calla Road caused "excessive flooding completely bypassing the Plaintiff's drainage system which consists of 15" ODOT-mandated piping in the catch basins at 9939 South Avenue (Ohio

SR 164 N)." Plaintiff submitted a copy of the ODOT requirements for installation of the drainage system into the right of way of State Route 164. Plaintiff contended defendant had a duty to maintain and repair the drainage basin at the adjacent property at State Route 164 and Calla Road. Furthermore, plaintiff contended defendant's failure to discharge this maintenance and repair duty proximately caused the water damage to the business premises located at 9939 South Avenue (State Route 164). Plaintiff requested damage recovery in the amount of $2,300.00, representing the stated cost of clean up of debris, landscaping expenses, labor, and equipment rental costs incurred to rectify the damage caused by rain water back up. The filing fee was paid.

{¶ 2} Defendant filed an investigation report essentially claiming plaintiff's own action was a contributing cause of the water damage to the property at 9939 South Avenue, Poland Ohio adjacent to State Route 164. Defendant explained two ODOT employees, Ted Baker, Maintenance Area Engineer and Mahoning County Manager, Joe Maslach inspected the property at 9939 South Avenue on November 16, 2009. According to defendant, on that date, Scott Mason conversed with both Baker and Maslach and informed them "that his property was flooded (in June 2009) because his neighbor to the south had a plugged driveway pipe which caused the water to head up and overflow the drainage ditch onto his property." Defendant noted the subject driveway pipe was open in November 2009 and had been opened by ODOT maintenance crews on July 1, 2009 after Scott Mason complained on June 29, 2009 to ODOT (copy submitted) regarding water overflow at State Route 164 and Calla Road earlier in the month of June 2009. Defendant related that upon inspecting the drainage area at the 9939 South Avenue property, "Baker also noticed that (Scott Mason) had eliminated the ditch in front of his property with double-walled plastic pipe and catch basins." Defendant further related, "the contractor that installed the pipe and basins did not grout where the pipes attach to the catch basins *** resulting in surrounding soil being sucked into the pipes which can contribute to silt clogging the pipe." Defendant advised Baker, upon his inspection saw "small sink holes were forming around the catch basins" at the property at 9939 South Avenue. Defendant reported Baker suggested to Scott Mason, "that he needs to have someone grout the connections to prevent soil from washing into the storm sewer line." Defendant stated, "ditch elimination pipes are

the responsibility of the property owner to maintain (and) ODOT will clean the system as a courtesy, but they have to be notified that there is a problem." Defendant essentially contended the inadequately installed system at 9939 South Avenue contributed to the damage to the property from backed up rain water in June 2009. Defendant did not provide a statement from Ted Baker. Plaintiff did not file a response.

{¶ 3} Defendant acknowledged the water damage to the property at 9939 South Avenue was mainly due to a clogged driveway pipe at the property located at State Route 164 and Calla Road. Apparently, defendant has assumed the maintenance responsibility for cleaning and reshaping ditches adjacent to state highways. Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any problem with a clogged catch basin at State Route 164 and Calla Road prior to the June 17, 2009 incident forming the basis of this claim. Defendant explained ODOT was unaware of any flooding problem until June 29, 2009 when Scott Mason called the ODOT Mahoning County Garage. Defendant advised the area was inspected on that same day by ODOT employee, Anthony Zitkovich who "observed the catch basins had material in them and they were cleaned out with the Vac Truck." Zitkovich also noted, "[t]he catch basins on the east side are low enough to accept the water but the berm is higher and not allowing the water to go the basins-we (ODOT) will cut them down when we clean the ditch line." Zitkovich confirmed the origin of the water back up that damaged plaintiff's property. Defendant insisted no ODOT personnel had any knowledge of any problem with the drainage system at State Route 164 and Calla Road prior to June 17, 2009. Defendant pointed out one ODOT "crew has to monitor all of Mahoning County." The claim file is devoid of any inspection record.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the

case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant must exercise due diligence in the maintenance and repair of highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transp.* (1992), 91-07526-AD. Defendant is also charged with the duty to inspect all roadway facilities on a routine basis and correct potential damaging conditions. See *Billmaier v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02223-AD, 2009-Ohio-3019. Plaintiff claimed the damage event was proximately caused by a failure to inspect and maintain roadway draining system on State Route 164. As a necessary element of this type of claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence. See, e.g. *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35, 63 N.E. 2d 532. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. In the instant claim, the proximate cause of plaintiff's damage was defendant's failure to inspect and maintain the drainage system for State Route 164. *Billmaier*.

{¶ 7} Defendant argued ODOT cannot be liable for plaintiff's damage due to lack of notice either actual or constructive of the problems with clogged catch basins and drainage problems on the property adjacent to State Route 164 and Calla Road. There is no evidence defendant even inspected the cause of plaintiff's water damage

problem. The trier of fact finds defendant has such constructive notice of the condition of the basin condition to invoke liability for plaintiff's damages. Furthermore, proof of notice of a dangerous condition is not necessary when defendant's own agents cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence indicates defendant's neglect caused the damage claimed.

{¶ 8} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31. Plaintiff has suffered damages in the amount of $2,300.00, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

S. H. MASON LEASE MANAGEMENT, LLC.

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2009-06401-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,325.00, which includes the filing fee. Court costs are assessed against defendant.



DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

S. H. Mason Lease Management, LLC.      Jolene M. Molitoris, Director
Scott H. Mason                          Department of Transportation
9939 South Avenue, Unit C               1980 West Broad Street
Poland, Ohio  44514                     Columbus, Ohio  43223

RDK/laa
Filed 10/13/10
Sent to S.C. reporter 1/21/11