[Cite as *Aggarwal v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-7061.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

T. R. AGGARWAL

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DIST. #8

      Defendant

      Case No. 2011-09586-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, T. R. Aggarwal, filed this action against defendant, Department of Transportation (ODOT), alleging ODOT's negligence proximately caused two basement apartments to become flooded with storm water runoff. Plaintiff claimed ODOT was negligent in failing to maintain "the main curb drain" which became clogged. According to plaintiff, his property has an adequate drainage system to disburse storm water but that "it cannot handle a large stream of storm water, running off St. Rt. 125, on to our property." Plaintiff further alleged that defendant "failed to maintain the subject drains, along the front of our property." Plaintiff related that he has made numerous requests for ODOT to clean the drains; however ODOT responded that they are awaiting a "vac-system" from Hamilton County. According to plaintiff, the drains have not been cleaned as of the date the complaint was filed, July 19, 2011.

{¶2} Plaintiff stated the apartments are located at 780 Ohio Pike, Bldg. #2, Cincinnati, Ohio. Plaintiff indicated in his complaint that the flooding occurred on June 17, 2011, at approximately 5:00 p.m., and that the event was witnessed by Mr. Eulah Cook, who resides on the premises at 780 Ohio Pike, Bldg. #4, Apt. #5. Plaintiff

contended defendant had a duty to maintain and repair the drainage basins at the front of his property adjacent to State Route 125. Furthermore, plaintiff contended defendant's failure to discharge this maintenance and repair duty proximately caused the water damage to his basement apartments. Plaintiff requested damage recovery in the amount of $2,416.50, representing the stated cost of clean up of debris, water extraction, painting and repairs to walls, cleaning and deodorizing carpet, as well as replacement of carpet in one of the apartments. The filing fee was paid.

{¶3} Defendant filed an investigation report essentially claiming plaintiff's recollection of the events at issue is inaccurate. Although plaintiff listed June 17, 2011, as the date of the damage-causing event, defendant noted that the local newspaper reported flash flooding occurred on June 21, 2011, and thus, defendant based its investigation on data relevant to that date. Defendant pointed out that the area near plaintiff's location received approximately 2.19 inches of rainfall on June 21, 2011, between the hours of 4:00 p.m. and 6:00 p.m. Defendant explained ODOT employee, Jeff Meyer, a transportation engineer, inspected the property at 780 Ohio Pike on July 1, 2011. According to defendant, on that date, Meyer consulted with Kevin Pennington, who owned a neighboring business, the Crazy Bean Café. Pennington acknowledged that there had been a significant rain event but that "there was no flooding that washed out his apartment complex." Pennington stated he recalled seeing some ponding at the catch basin in front of his business.

{¶4} Defendant explained that Larry Weisman, ODOT's District Eight Highway Management Administrator, and Bill Davis, ODOT's Roadway Services Manager, also visited plaintiff's location in July 2011. Defendant admitted these employees found the catch basins to be at least partially blocked with debris. However, defendant contended that the depth of the basins, six feet, provides "significant storage for a partially blocked basin." The claim file is devoid of any statement from either Weisman or Davis. Defendant pointed out that there is another grassy area that drains into a pipe which runs under the driveway in front of the apartment building. Photographs submitted by defendant show the pipe opening partially obscured by ground cover and brush. (Defendant's Exhibit D, Photographs 12 and 13.) Nevertheless, defendant posits that should the pipe become clogged, the overflow of water would be diverted around the driveway's speed bump and directed toward the southern corner of the apartment

building where the asphalt paving has been raised in a sloping manner in order to protect the basement windows from flowing surface water. (Defendant's Exhibit D, Photographs 7-11.) Defendant further related that the submitted photographs "clearly show the catch basin to be located in a depression that provides plenty of capacity for ponding." (Defendant's Exhibit D, Photographs 1-4.)

{¶5} Based upon Pennington's statement, defendant concluded that "no flooding occurred." In the alternative, defendant concluded that plaintiff's property damage stemmed from an "excessive rainfall" which exceeded the capacity of the drainage system in place around plaintiff's property.

{¶6} Plaintiff filed a response disputing defendant's reliance on the statements made by Kevin Pennington. Plaintiff stated, "Mr. Pennington was neither a resident in the building nor [did he come] inside the building during or after the flood. He cannot be considered an EYE WITNESS to the flooding of the apartments." Moreover, plaintiff noted that defendant's agents did not contact the building's resident manager, Eulah Cook, who lives on the premises and who was identified in the complaint as an eye witness to the damage.[1] In addition, plaintiff contended that "proper investigation by the Defendant would have revealed that the flooding of the basement apartments, laundry room and hallway steps going down to the basement actually was caused by the body of storm water entering through the front entry door, and not through the windows." Plaintiff explained that the property was flooded from water flowing from St. Rt. 125, and that the volume of water was greater than normal because the two main catch drains were clogged.

{¶7} Plaintiff related that on October 6, 2011, he spoke with ODOT's District Eight employee, Josh Wallace, who confirmed to him that the catch basins had been found to be "clogged up badly" when they were finally cleaned in August 2011. Plaintiff opines that the clogged catch basins caused the water to accumulate such that the majority of the flowing water was redirected toward the pipe, overflowed onto the driveway, and entered the building through the front entry door. Plaintiff suggested that the pipe under the driveway was unable to handle the sheer volume of water that accumulated due to the clogged catch basins. Plaintiff submitted a receipt dated June 22, 2011, from Campbell Contracting Co. for $373.50.

{¶8} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any problem with a clogged catch basin at State Route 125 prior to the June 21, 2011 incident forming the basis of this claim. Defendant explained ODOT was unaware of any flooding problem until plaintiff called ODOT's Lebanon Office. Defendant insisted no ODOT personnel had any knowledge of any problem with the drainage system near plaintiff's property and State Route 125 prior to June 21, 2011. Defendant did not reference any catch basin cleaning or maintenance schedule and the claim file is devoid of any inspection record.

{¶9} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶10} Defendant must exercise due diligence in the maintenance and repair of highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transp.* (1992), 91-07526-AD. Defendant is also charged with the duty to inspect all roadway facilities on a routine basis and correct potential damaging conditions. See *Billmaier v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02223-AD, 2009-Ohio-3019. Plaintiff claimed the damage event was proximately caused by a failure to inspect and maintain roadway draining system on State Route 125. As a necessary element of this type of claim, plaintiff was required to prove proximate cause of his damage by a preponderance of the evidence. See, e.g. *Stinson v. England*, 69 Ohio St. 3d 451, 1994-Ohio-35, 63 N.E. 2d 532. This court, as trier of

---

[1] Plaintiff did not submit a statement from Eulah Cook.

fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶11} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.

{¶13} The trier of fact finds plaintiff's contentions to be credible and supported by the diagrams and photographs supplied by defendant. Specifically, the graphic showing the flow of water from State Route 125 (Defendant's Exhibit C, Photograph 2) supports plaintiff's position in that the flow of water from State Route 125 is directed from the highway across 0.8 acres of grassland into a shallow concrete ditch and through a pipe that runs underneath the driveway in front of plaintiff's building. It is clear from this graphic and by comparing the photographs of the driveway (Defendant's Exhibit D, Photographs 7, 12-13) that the speed bump is much closer to the southern edge of the building whereas the pipe opening appears to be almost directly across from the front entrance to the apartment building.

{¶14} In addition, the court finds no evidence to suggest defendant interviewed plaintiff or plaintiff's listed witness. Indeed, defendant lacked a clear understanding of how and where the water entered plaintiff's premises. Defendant's argument that the depth of the catch basins is adequate to contain any water that may back up from partially clogged catch basins is discounted by Pennington's observation that there was ponding of water covering the area around the catch basins . Indeed, the court is persuaded that the catch basins in front of the property were almost completely clogged

with debris such that the surface water flowing from State Route 125 quickly accumulated and traveled through the grassy area to the drain pipe which was unable to carry the increased volume of water intended to be disbursed through the catch basins.

{¶15} Defendant argued ODOT cannot be liable for plaintiff's damage due to lack of notice either actual or constructive of the problems with clogged catch basins and drainage problems on the property adjacent to State Route 125. There is no evidence in the claim file that defendant ever inspected the catch basins near plaintiff's property prior to June 21, 2011. Thus, the trier of facts finds that the proximate cause of plaintiff's damage was defendant's failure to inspect and maintain the drainage system for State Route 125. *Billmaier*. See also *S.A. Mason Lease Mgt., LLC v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-06401-AD, 2010-Ohio-6618. The trier of fact finds defendant has such constructive notice of the condition of the basin condition to invoke liability for plaintiff's damages. See *Mason.*

{¶16} Furthermore, proof of notice of a dangerous condition is not necessary when defendant's own agents cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence indicates defendant's neglect caused the damage claimed.

{¶17} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31; *Mason.* Plaintiff has suffered damages in the amount of $2,416.50, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

T. R. AGGARWAL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DIST. #8

    Defendant

    Case No. 2011-09586-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,441.50, which includes the filing fee. Court costs are assessed against defendant.

                                          DANIEL R. BORCHERT
                                          Deputy Clerk

Entry cc:

T. R. Aggarwal                       Jerry Wray, Director
730 Nordyke Road             Department of Transportation
Cincinnati, Ohio 45255        1980 West Broad Street
                                 Columbus, Ohio 43223

SJM/laa

10/20
Filed 11/2/11
Sent to S.C. reporter 3/30/12